## A. H. POLLOCK v. GERMANTOWN & BRIDGEVILLE TURNPIKE CO.

**Estoppel—Right of Way.**

Where defendant must be regarded by his defense made as having consented that plaintiff should have a right of way over defendant's land in consideration of a sum allowed therefor by the jury, he is estopped to claim possession as against plaintiff, and it does not matter that he had not parted with the title by conveyance, or bound himself by writing to do so.

**Estoppel—Possession—Record of Suit.**

The record of a suit concerning land held sufficient to estop defendant from questioning plaintiff's right to possession of the land.

**Frauds, Statute of—Memorandum—Record of Suit.**

The record of a suit concerning land held sufficient to take the transaction out of the statute of frauds.

APPEAL FROM BRACKEN CIRCUIT COURT.

January 15, 1873.

OPINION BY JUDGE LINDSAY:

In the suit against appellant to compel him to pay the amount subscribed for stock he defended upon the ground that the appellee had unlawfully taken and appropriated a portion of his lots in Germantown.

By an amended answer he claimed that its road had been unlawfully located on his said lots. Upon his motion the jury was instructed that if they believed that appellee, without appellant's consent, entered upon this land and ploughed or dug up his soil, "and removed or destroyed his fencing, and appropriated any part thereof, thereby depriving him of the use thereof," they should find for him the damages thereby sustained. Under this pleading and instruction he recovered on his set-off seventy-five dollars. We

can not escape the conclusion that the fact of the appropriation of the land in the location of the road, and his being thereby deprived of its use, was considered by the jury when the verdict was made up.

The nature of his plea and the instruction asked by him clearly imports the fact that he regarded and treated the appropriation of the land or right-of-way as complete. He must, therefore, be regarded by the defense thus made as having consented that appellee should have the right of way over his said land in consideration of the amount allowed therefor by the verdict of the jury. It does not matter that he had not parted with the title by conveyance, or bound himself to do so by a written obligation. He has estopped himself to claim possession as against the appellee. Judgment *affirmed.*

*Wills, Taylor, for appellant.*

*Donaphin, for appellee.*

---

RESPONSE TO PETITION FOR REHEARING.

DELIVERED BY JUDGE LINDSAY:

This court is satisfied that the opinion in the cause can stand without the introduction of a new mode of passing possession and title to real estate. Oral contracts for the sale of lands can not be enforced, yet if the vendor sues for the purchase money and the vendee permits judgment to go, and the judgment is paid, the record of the suit will certainly estop the vendor from maintaining an action for the recovery of the realty.

Where appellee entered on and appropriated appellant's land without right, an action either for trespass, or for the recovery of the possession would have lain in favor of appellant, but he had the right to waive both the trespass and the unlawful holding, and recognize the appropriation and recover the value of the land or easement appropriated. He exercised this right when sued by the company, and by his pleading and the instructions given at his instance, asked to be credited by the value thereof. The company accepted the issue, and the judgment of the court gave him the credit asked.

The record of that suit is sufficient to take the transfer of the title to the land or easement out of the statute of frauds, and in equity and good conscience estops appellant from questioning appellee's right to the possession. Appellant ought not to have pay for the land, and have the land also.

It is a matter of no consequence whether appellee had the right to construct its road inside the corporate limits of Germantown or not, appellant has in effect sold his land to it and received pay therefor. If it has no right to hold the land the question is between it and the commonwealth and in its settlement appellant has no interest.

Petition for rehearing overruled.

*Willis, Taylor, for appellant.*

*Donaphin, for appellee.*